# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SANTIAGO VARGAS and RAFAEL LOPES,**

                    **Plaintiffs,**

**v.**                                           **Case No:  6:14-cv-452-Orl-22KRS**

**CBC TRANSPORTATION, CORP.,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 45) |
| **FILED:** | **October 22, 2014** |

## I.    PROCEDURAL HISTORY.

On June 2, 2014, Plaintiffs Santiago Vargas and Rafael Lopes, individually and on behalf of others similarly situated,[1] filed their amended complaint against their former employer, CBC Transportation Corporation ("CBC"), alleging that CBC unlawfully denied them overtime compensation and failed to pay them the minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 25.  On October 10, 2014, the parties advised the Court that they had reached a full settlement of the case.  Doc. No. 42.

---

[1] No one else filed a consent to join the case.

The parties filed a joint motion for approval of the settlement agreement on October 22, 2014.   Doc. No. 45.   In the motion, they asked the Court to approve the settlement agreement, and they stipulated to dismissal of this case with prejudice.   The parties attached to their motion a fully executed copy of their settlement agreement.   Doc. No. 45-1 (the "Settlement Agreement").   The motion was referred to me for issuance of a Report and Recommendation.   Accordingly, the matter is now ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   *Id.* at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision cited as persuasive authority).   If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (Finding that the

Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.").

## III.   ANALYSIS.

### A.   *Terms of the Settlement Agreement.*

The Settlement Agreement provides that in exchange for voluntarily dismissing their claims with prejudice Vargas and Lopes will each receive $2,000.00 representing unpaid overtime and unpaid wages, and an additional $2,000.00 representing liquidated damages.   Doc. No. 45-1 at 2-3.   In addition, CBC will pay $4,000.00 to Morgan & Morgan, P.A. as payment of Plaintiffs' attorneys' fees and costs.   *Id.* at 3.

### B.   *Whether the Settlement Agreement is a Compromise.*

In his answers to the Court's interrogatories, Vargas averred that he was entitled to $3,047.26 plus liquidated damages.   Doc. No. 35 at 2.   In his answers to the Court's interrogatories, Lopes averred that he was entitled to $4,435.57 plus liquidated damages.   Doc. No. 36 at 2.   Plaintiffs each alleged that CBC intentionally and willfully violated the FLSA.   Doc. No. 25 ¶¶ 22-23. Under these circumstances, absent a defense of good faith on the part of CBC, Plaintiffs would be entitled to liquidated damages in an amount equal to their unpaid compensation.   *See* 29 U.S.C. §§ 216(b), 260.   Because Vargas and Lopes will receive under the Settlement Agreement less than the amount they averred that they were entitled to under the FLSA, they have compromised their claims within the meaning of *Lynn's Food Stores*.

### C.   *Whether the Settlement is Fair and Reasonable.*

Because Plaintiffs have compromised their FLSA claims, the Court must evaluate whether the settlement is fair and reasonable.   Counsel indicate that there is a dispute as to whether Plaintiffs

were properly classified as independent contractors or employees.   Doc. No. 45 at 2.   Counsel also indicate that there is a dispute as to the number of hours worked by Plaintiffs.   *Id.*   Thus, there are *bona fide* disputes regarding Plaintiffs' FLSA claims.

The parties represent that they participated in a settlement conference and that following the conference the parties exchanged several settlement offers.   *Id.* at 3.   The parties were represented by counsel and, in the Settlement Agreement, Plaintiffs acknowledge that each of them is satisfied with their counsel.   Doc. No. 45-1 at 6.   Thus, Plaintiffs were represented by competent counsel in an adversary context.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").   The parties also represent that the Settlement Agreement satisfies their desire to avoid the uncertainties and risks of litigation and to resolve the controversy between them amicably and expeditiously.   Doc. No. 45 at 3; *see also* Doc. No. 45-1 at 2.   Plaintiffs indicate that the Settlement Agreement also satisfies their desire to receive compensation now rather than after a jury trial, which is currently set for November 2015.   Doc. No. 45 at 3.

Under these circumstances, I recommend that the Court find that the Settlement Agreement is a fair and reasonable compromise of a *bona fide* dispute under the FLSA.

D.   *Attorney's Fees and Costs.*

Because Plaintiffs have compromised their FLSA claims, the Court must consider whether the payment to their attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept.   In this case, Plaintiffs' counsel will receive $4,000.00 in attorney's fees and costs.   Doc. No. 45-1 at 3.   The parties agree that this is a reasonable amount for the time expended in this case.   Doc. No. 45 at 4.   The parties also represent that this amount was negotiated separately from Plaintiffs' recovery.   *Id.*   In the absence

of an objection, I recommend that the Court find the amount of attorney's fees Plaintiffs' counsel will receive is reasonable and does not taint the amount Plaintiffs agreed to accept for resolution of their FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

    *E.   Whether the Parties Have Stipulated to a Judgment Approving the FLSA Settlement.*

The parties are represented by counsel. Counsel and the parties agree that the settlement of the FLSA claims is fair and that the Court should approve the FLSA settlement and dismiss this case with prejudice. Doc. No. 45. Accordingly, the parties stipulate to a judgment approving the FLSA settlement.

## IV.   RECOMMENDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **FIND** that the settlement of the FLSA claims is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** the Joint Motion For Approval Of Settlement (Doc. No. 45);

3. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs; and,

4. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy